IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | |
|---|---|
| CURTIS HATCHARD, | Cause No. CV 07-63-GF-SEH-RKS |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| JAMES MacDONALD; MS. T. SCHNEE; MR. S. ARNOLD, | TO DISMISS DEFENDANTS SCHNEE AND MACDONALD |
| Defendants. | |

_____

On May 25, 2007, Plaintiff Curtis Hatchard moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. Plaintiff is a state prisoner proceeding pro se. The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.

On November 2, 2007, this Court conducted an initial prescreen of Plaintiff's Complaint. After pointing out a number of deficiencies in Plaintiff's allegations, the Court permitted Plaintiff to file an Amended Complaint. (Document 8). Plaintiff filed his Amended Complaint on November 7, 2007. (Document 9). However, as Plaintiff has failed to correct the deficiencies in his original Complaint, the Court will recommend the dismissal of Defendants Schnee and MacDonald and Plaintiff's denial of access to medical information claim.

**I. Plaintiff's Allegations**

Plaintiff was a prisoner at Crossroads Correctional Center at all times relevant hereto. In

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

his original Complaint, Plaintiff alleged that, in December 2006, Defendant Arnold, a physician's assistant, diagnosed him with diabetes and placed him on anti-diabetic medications without performing the tests usually done to diagnose diabetes, without consulting a physician, and without considering his existing heart condition. (Document 2–Complaint, p. 5, ¶ IV.A(1)). Plaintiff repeats those allegations in his Amended Complaint. The Court has already determined that Plaintiff's allegations are sufficient to warrant service on Defendant Arnold. (Document 8, p. 5).

In his Amended Complaint, Plaintiff alleges that Ms. T. Schnee is the Health Services Administrator at Crossroads Correctional Center. Plaintiff states that he notified Ms. Schnee on three separate occasions, the most current being on May 23, 2007, and advised her that he had been misdiagnosed, that he wanted off the diabetic list and off the chronic care list. Plaintiff contends that, "[a]s the head of the Medical Department here at CCC it should be her responsibility to assure that appropriate tests are conducted by those whose job it is to do the actual work. She did not do that and to date has done nothing to find out how I came to be misdiagnosed." (Document 9–Amended Complaint, p. 6).

With regard to Warden MacDonald, Plaintiff's Amended Complaint alleges that, "[a]fter being notified there was a problem he should have investigated rather than delegate to Ms. Schnee. He did nothing. By doing nothing he is as responsible as Mr. Arnold for the weakness, tiredness, lack of ambition and possible lactic acidosis which can be fatal." (Document 9–Amended Complaint, p. 4).

**II. Analysis**

In its prior Order, the Court told Plaintiff that he had to explain what Defendants Schnee

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

and MacDonald knew about his condition and about Defendant Arnold's actions and when they knew it.  Plaintiff was also told that Warden MacDonald could not be made liable for a civil rights violation merely because he is a supervisor or employer of someone who is liable.

Plaintiff has failed to correct these deficiencies with regard to his allegations against Defendants Schnee and MacDonald.  While Plaintiff alleged that he complained to Ms. Schnee on three separate occasions, he did not indicate that he made any complaints prior to Dr. Gianaelli taking him off of the medication in March 2007.  Plaintiff was instructed that he had to explain what Defendants Schnee and MacDonald knew about his condition and when they knew it.  Plaintiff has made no allegation that either of these Defendants knew about the alleged misdiagnosis prior to March 2007 when the error was apparently corrected.

Plaintiff does not have a constitutional right to an investigation of this situation after he was taken off the harmful medication.  Even if Defendants Schnee and MacDonald failed to investigate the situation, their failure to conduct such an investigation did not cause any injury to Plaintiff.  *See Brower v. County of Inyo*, 489 U.S. 593, 599, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989) (allegedly unconstitutional conduct must be the proximate cause of injury to trigger liability under 42 U.S.C. § 1983).

Plaintiff was advised that unless he alleged, "additional facts against Defendants Schnee and MacDonald, the Court will recommend that they be dismissed, and the Complaint will be served only on Defendant Arnold." (Document 8, p. 6).  Plaintiff has failed to provide sufficient information against Defendants Schnee and MacDonald to state a claim.  Accordingly, they will be recommended for dismissal.

The Court will direct the service of Defendant Arnold by separate order.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Defendants Schnee and MacDonald should be **DISMISSED** based upon Plaintiff's failure to state a claim against these individuals.

2.  Plaintiff's allegations regarding access to medical information should be **DISMISSED** for the reasons set forth in the Court's Order of November 2, 2007. (Document 8).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to [28 U.S.C. § 636(b)(1)](), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

Plaintiff must keep the Court informed of his current mailing address while the action remains pending.

DATED this 25th day of April, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge